IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW T. PANCHURA and THE MARGARET Y. PANCHURA REVOCABLE LIVING TRUST, ANDREW T. PANCHURA and MARGARET Y. PANCHURA, Trustees, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | | Civil Action No.  05-1299 |
| | ) | |
| RICHARD M. RYAN and LISA MARIE RYAN, his wife and BOROUGH OF WHITEHALL, | ) ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge.

# OPINION
## and
# ORDER OF COURT

### SYNOPSIS

In this civil action, Plaintiffs allege that construction activities on property adjacent to their home caused them to suffer various damages.  Plaintiffs assert, inter alia, that the Borough of Whitehall violated 42 U.S.C. § 1983, in depriving them of their rights to equal protection by selectively enforcing local ordinances.  In addition, Plaintiffs seek relief in the form of mandamus under the Storm Water Management Act, 32 P.S. § 680.1. et seq., as well as monetary relief pursuant to several state common law claims.

Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), arguing that this Court lacks subject matter jurisdiction because

Plaintiff's Section 1983 claim is insufficiently pleaded.   For the following reasons, Defendants' Motions will be granted, and Plaintiffs' Complaint dismissed without prejudice.   Plaintiffs will be provided an opportunity to amend their Complaint.

**DISCUSSION**

**A. STANDARD OF REVIEW**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff.  Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988).  I will dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957). Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).   Nevertheless, I need not accept bald assertions and legal conclusions.  Chemtech Int'l v. Chemical Injections, Inc., No. 05-2296, 2006 U.S. App. LEXIS 6865, at *7 (3d Cir. Mar. 8, 2006).

When a motion is made under Rule 12(b)(1), the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists; under Rule 12(b)(6), the movant bears the burden of showing that no claim has been stated.   Kehr v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

**B. SECTION 1983 CLAIM**

Section 1983 is a procedural vehicle by which individuals subjected to a deprivation of rights arising under the Constitution and laws of the United States

2

may secure redress.  Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85, 153 L. Ed. 2d 309, 122

S. Ct. 2268 (2002).  In a Section 1983 action, therefore, the court must determine

"whether the plaintiff has even alleged the deprivation of a right that either the

federal law or the Constitution protects."  Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir.

2000).

　　　　Certainly, selective enforcement of laws or regulations may give rise to a

violation of the Fourteenth Amendment.  Bradley v. United States, 299 F.3d 197,

206-07 (3d Cir. 2002).  Here, Plaintiffs' allegations of selective enforcement are

insufficient.    The Complaint, for example, is devoid of allegations that the

government would have enforced the subject code at the request of, or in light of

harm to, another resident similarly situated to Plaintiffs.  See, e.g.,  Gagliardi v.

Pawling, 18 F. 3d 188, 193 (2d Cir. 1994); Mandingo Tshaka v. Bnepe, 2003 U.S. Dist.

LEXIS 8229, **8-9 (E.D.N.Y. Apr. 9, 2003).  Moreover, I need not, and will not, credit

Plaintiff's bald allegations of selective treatment.

　　　　Moreover, the inequality that Plaintiffs describe is not of a type prohibited by

the Fourteenth Amendment.  The federal Constitution "limits the powers of

government but does not give people legally enforceable rights to demand public

services and to obtain damages or other legal relief if the government fails to

provide them."  Tuffendsam v. Dearborn County Bd. of Health, 385 F.3d 1124, 1126

(7th Cir. 2004).  It is well established, therefore, that there is no constitutional right

to have alleged wrongdoers prosecuted, or laws enforced, whether civilly or

criminally.  Heckler v. Chaney, 470 U.S. 821, 831, 84 L.Ed. 2d 714, 105 S.Ct. 1649 (1985);

Baskette v. Commonwealth Atty., No. 05-CV-8, 2005 U.S. Dist. LEXIS 13388, at **7-8 (W.D. Va. July 5, 2005).   This pertains even if the plaintiffs are victims of the alleged wrongdoer.  Baskette, 2005 U.S. Dist. LEXIS 13388, at *8.

The present Plaintiffs, therefore, do not allege a cognizable constitutional deprivation.  They have no fundamental right to demand enforcement of the law against their neighbors; similarly, they do not aver that they were singled out for the enforcement of any law, much less in such a way to burden their alleged "fundamental right to property."   The Complaint is devoid of allegations that the Government directed any intentional treatment, improper or otherwise, toward Plaintiffs. Plaintiffs' Complaint alleges that the Borough's failure to enforce the laws against the individual Defendants resulted from undue influence exerted by those individuals or their contractors, rather than any characteristic of Plaintiffs or their property.  Plaintiffs' attempt to describe how they were treated differently focuses exclusively on the Borough's alleged treatment of the individual Defendants.[1]   By Plaintiffs' own description, their claim centers on a showing "that the Defendant Borough has intentionally treated the Ryans' property different from others similarly situated."   Under the facts as pleaded, therefore, Plaintiffs cannot sustain a claim under Section 1983.

As a final matter, I address Plaintiffs' argument that they may sustain a "class

---

[1]Indeed, Plaintiffs' Complaint disclaims their involvement in the series of events complained of, due to husband-Plaintiff's illness, from 1996 until his recovery in December of 2002.

of one" claim under <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 145 L. Ed. 2d 1060, 120 S. Ct. 1073 (2000) (per curiam).  Such a claim may be brought by a person alleging that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Id.</u> at 564.  Again, the crux of Plaintiffs' Complaint is not that they were intentionally treated differently from others similarly situated, and they have alleged no such facts; instead, the persons allegedly subject to special treatment were the individual Defendants.  In addition, the reasoning employed in <u>Tuffendsam v. Dearborn County Bd. of Health</u>, 385 F.3d 1124 (7th Cir. 2004), calls into question the viability of such a claim in this case.   A "class of one" claim, therefore, is likely improper here.

## C.  <u>SUPPLEMENTAL CLAIMS</u>

A district court has the discretion to decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).  Having decided that Plaintiffs' federal claim must be dismissed,[2] I decline to exercise subject matter jurisdiction over the remaining state law claims.   No purpose is served by retaining jurisdiction over a matter involving state and local law and actors, with no federal component.   For

---

[2]Defendants suggest that Plaintiffs might rely on their claim for mandamus to invoke federal jurisdiction. Although Plaintiffs do not appear to do so, I do note that Plaintiffs' mandamus claim is insufficient to provide me with subject matter jurisdiction.  To the extent Plaintiffs intend to rely on federal mandamus law, that law permits a writ of mandamus to "any officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  By its terms, this Section is restricted to federal officers. <u>See</u> <u>Wilkins v. Corbett</u>, No. 4:CV-06-171, 2006 U.S. Dist. LEXIS 5865, at *8 (M.D. Pa. Jan. 31, 2006).   Therefore, it does not confer jurisdiction to mandamus state or local officials.   Moreover, Section 1361 does not provide an independent basis for federal jurisdiction.

that reason, moreover, I do not reach Defendants' remaining arguments in favor of dismissal.

## CONCLUSION

In conclusion, I am persuaded beyond doubt that Plaintiffs can prove no set of facts in support of their Section 1983 claim, and that claim will be dismissed. Accordingly, I will decline to exercise jurisdiction over Plaintiffs' supplemental claims, and the entire Complaint is subject to dismissal.   Plaintiffs, however, may amend their Complaint to cure the enumerated defects within ten (10) days from today's date.

An appropriate Order follows.

AND NOW, this **28th** day of March, 2006, it is ORDERED that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice. Plaintiffs may amend their Complaint within ten (10) days from the date of this Order.  If they do not, they may file this action in the appropriate forum.

BY THE COURT:

/S/   Donetta W. Ambrose
Donetta W. Ambrose,
Chief U. S. District Judge

6